## DEVISEE FOR LIFE—NO VESTED ESTATE IN HER HEIRS.

Circuit Court of Cuyahoga County.

ARIBELLA T. BARLOW V. FRANCES A. OTSTOTT ET AL.

Decided, December 24, 1902.

*Wills—Interpretation of Devise.*

A devise to trustees, with directions to pay the rents and profits to A
during her natural life and at her death to convey the property
to her legal heirs in fee simple, does not vest any estate in the
children of A during her lifetime and the "legal heirs" of A
are determined at the date of her decease.

*Weed & Miller,* for plaintiff in error.
*Chas. H. Taylor,* contra.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Error to the court of common pleas.

The facts in this case are as follows:

In the year 1845 Margaret Norton died in the city of Cleveland, Cuyahoga county, Ohio, where up to the time of her death she was the owner of a valuable parcel of real estate fronting on Bank street in said city. Said Norton left a will, which was duly probated in the probate court of said county. She left surviving her a daughter, Harriet F. Dockstader. The said Harriet at the time of the execution of the will of said Norton and at the time of said Norton's death, was the mother of two children, who were her only descendants. One of the provisions of said will reads:

"I give and devise my real estate situated in the city of Cleveland, * * * unto Alonzo S. Gardner and David G. Doan, and the survivor of them and the heirs of the survivor of them to have and to hold the same to the uses following, to-wit: That they the said Alonzo S. and David C. and the survivor of them and the heirs of the survivor shall from the rents and profits of said real estate (if I do not leave money and debts sufficient for the purpose) pay my just debts, charges of administration and funeral expenses and erect a suitable and respectable monument or grave stone over the grave of my deceased mother and over my

own grave and after paying the charges above imposed on it they the said Alonzo S. and David G. and the survivor and the heirs of the survivor shall during the lifetime of Wm. B. Dockstader, the husband of my daughter Harriet F. Dockstader, take and receive the rents and profits of said real estate herein before described and therewith make all necessary repairs, pay all taxes and other necessary charges and expenses in and about the same and after deducting all such payments and reasonable charges for attending to the business, shall at least once in each year and oftener, if said Alonzo S. or David G. or either of them or the heirs of the survivor shall see fit, pay over the residue of such rents and profits to my daughter Harriet F. Dockstader during her natural life, to her sole and separate use and benefit and after her decease convey said real estate above described to her legal heirs in fee simple.''

The trustees named in this item of the will duly qualified and acted in the execution of said trust for some time, when they were succeeded by Virginia E. Kidney, who, after acting for a time as such trustee, resigned and was succeeded by Bolivar Butts, who is still engaged in the execution of the trust.

The two children of said Harriet F. Dockstader hereinbefore mentioned were Frances A. Otstott and George B. Dockstader. Harriet F. Dockstader died on or about the 18th day of April, 1899.  Prior to the death of said Harriet, her son, George B. Dockstader died, unmarried and without issue.  On the 13th day of June, 1889, said George B. Dockstader executed a warranty deed to Lyman C. and Procter Thayer conveying to them for a valuable consideration his right, title and interest in and to the real estate herein before mentioned.  At the time of the death of said Harriet said Frances A. Otstott was her only living descendant.  The plaintiffs in error, by proper conveyances, are the owners of whatever rights the said Lyman C. and Procter Thayer took in the premises by virtue of the conveyance made to them by the said George B. Dockstader.

The action in the court below was brought by the said Frances A. Otstott, and the prayer of her petition is that the said Bolivar Butts, who is made a defendant, may be ordered to convey the premises to her, and that the title to such premises may be forever quieted as against the plaintiffs in error.

The plaintiffs in error file an answer and cross-petition in which they set up substantially the facts as hereinbefore stated and pray that the said Butts be ordered to convey an undivided one-half of the premises to them.

To that answer and cross-petition the said Frances A. Otstott filed a general demurrer. That demurrer was sustained and the plaintiffs in error, not desiring to plead further, a decree was entered that the premises be deeded to the said Frances and that the plaintiffs in error had no right or title therein. The error complained of here is in the sustaining of such demurrer and the entering of such decree.

The question presented depends entirely upon the construction to be given to said will. If under such will the said Otstott and the said George B. Dockstader became, when said will was probated, vested with an estate in said premises, there was error in the overruling of said demurrer; otherwise, there was not.

On the part of the plaintiffs in error it is claimed that the will is to be construed as though it read as it now does with the exception that the last clause hereinbefore quoted reads: "And after her decease convey said real estate above described to her two children, Frances A. Otstott and George B. Dockstader." If this were the reading, there could be no doubt that each of these parties would have had a vested right in the premises from the time of the probate of the will, and so the deed made by the said George would have conveyed a title under which the plaintiffs in error would be entitled to make the claim which they do make; and this would probably be so even though the names of the two children had been omitted from the will. To hold that the will as it now reads has the same effect in law as though it read as above suggested would be to hold that the words "her legal heirs" have the same meaning as the word "children" would have if substituted therefor. Technically the word "heirs" has a different meaning. The definition given in Anderson's Law Dictionary of the word heir is: "He upon whom at common law the law casts the estate immediately upon the death of the ancestor;" and this is the recognized meaning of the word, though it is not infrequently used in wills, and perhaps other instruments, in a different sense, and not infrequently is con-

strued to mean "children," but it is ever held in a will to have this latter meaning, or any other than its strict technical meaning, unless the plain meaning of the will derived from the context requires a different meaning. In the present case we find nothing in the context to indicate that the testatrix intended any other than the strict technical meaning of the words "heirs at law." For some reason she was not willing that her daughter should be the owner of this property, but she wished her to have the entire income from it during her lifetime, and it seems the natural and probable construction of the will to say that she wished the property at the death of her daughter Harriet to go to the same persons to whom it would go if Harriet were the owner of the property in fee at the time of her death and should die intestate. This result will be accomplished by giving to the words "heirs at law" their technical meaning. At her death she left as her only heir at law the defendant in error Otstott. If Harriet had owned this property and died intestate the law would have cast the estate upon Otstott, because she was the heir at law.

Holding as we do, that the testator provided that the same person or persons should take the estate at Harriet's death as would have taken it had she owned it and died intestate, it follows that the plaintiffs in error have no interest in the estate, and the judgment of the court of common pleas is affirmed.